IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KAMERON D. BRADLEY                                                                                          PLAINTIFF
ADC #131571

v.                                              2:19-cv-00110-JM-JJV

MICHAEL THOMAS, *et al*.                                                                               DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.      INTRODUCTION**

Kameron Bradley ("Plaintiff"), an inmate at the East Arkansas Regional Unit of the Arkansas Department of Corrections ("ADC"), filed this action *pro se* pursuant to 42 U.S.C.

§ 1983 against multiple Arkansas Department of Corrections employees in their personal and official capacities. (Doc. No. 2.) Plaintiff alleged excessive force, failure to intervene, and negligence. (*Id*. at 4-5.) The majority of Plaintiff's claims have been dismissed. (Doc. Nos. 5, 16, 77, 78.) Only Plaintiff's personal capacity excessive force claim against Defendant Thomas remains. (*See Id*.) Plaintiff seeks costs and damages in the amount of $20,000 for the alleged violation of his rights. (*Id*. at 6.)

Plaintiff has filed a Motion for Summary Judgment. (Doc. Nos. 90-91.) Defendant Thomas is represented by retained counsel, J. F. Valley, Esq., who has not responded on behalf of his client. The time for doing so has passed, so this matter is ripe for a decision. After careful consideration, I find Plaintiff's Motion should be granted.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by

sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

Plaintiff, a prisoner in the ADC, alleges Defendant Thomas used excessive force against him. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The core judicial inquiry in an excessive force claim is whether the force was used in a "good faith effort to maintain or restore discipline, or was instead used maliciously and sadistically to cause harm." *Flemons v. Devane*, 779 Fed. Appx. 423, 425 (8th Cir. 2019) (per curiam) (*citing Wilkins v. Gaddy*, 559 U.S. 34, 36-39 (2010)). In making this inquiry, courts consider: "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted . . . ." *Jackson*, 866 F.3d at 974. Pain inflicted during a prison security measure is not cruel and unusual punishment only because in hindsight the degree of force used for security purposes was unreasonable. *Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Rather, guards will liable only "if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.'" *Id*. (internal citation omitted). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in the

3

light of the particular circumstances." *Story v. Norwood*, 659 F.3d 680, 686 (8th Cir. 2011) (*quoting Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

I note at the outset that Defendant Thomas, through his retained counsel, has not filed a response to Plaintiff's Motion. He has not controverted any material fact set forth by Plaintiff in his statements of undisputed material facts. Accordingly, all material facts submitted by Plaintiff (Doc. No. 91) are deemed admitted. Local Rule 56.1(c) of the Eastern and Western Districts of Arkansas; FED. R. CIV. P. 56(e).

Plaintiff claims that while he was laying on the floor in handcuffs and shackles, Defendant Thomas used excessive force when he kicked him in the head and facial area without justification. (Doc. No. 2 at 4; Doc. No. 91 at 1.) Plaintiff submitted evidence to support his claim, including:

- An excerpt from an April 17, 2018 letter to Defendant Thomas, on ADC letterhead, that provides, in relevant part, "[a]s Inmate Bradley remained on the floor, restrained and uncombative, you stepped toward him and kicked him in the head area with your right foot . . . . During this time, Bradley was not a threat to any security staff. . . . During the hearing, you admitted to kicking Inmate Bradley and that you kicked him in the heat of the moment . . . After reviewing all of documentation . . . as well as[] the hearing that I held with you, I find that you are in violation of [ADC policy]." (Doc. No. 91 at 15.)

- An April 11, 2018 ADC Internal Affairs Memo reflecting that "[a]t the conclusion of the incident it can be seen on camera footage Lt. Thomas was kicking one of the inmates while he was on the floor. Based on camera footage it is the opinion of this Investigator that un-necessary force was used by Lt. Thomas during this incident." (Doc. No. 91 at 17.)

Based on this evidence, I find Defendant Thomas was completely unjustified in kicking Plaintiff in the head.

Where, as here, Plaintiff has moved for summary judgment, Defendant "was required 'to . . . meet proof with proof by showing a genuine issue as to a material fact.'" *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Defendant Thomas has not met his burden; he did not respond to Plaintiff's Motion and has not established a genuine issue of

4

material fact that prevents entry of summary judgment in Plaintiff's favor. Accordingly, I recommend Plaintiff's Motion for Summary Judgment be granted.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 90) be GRANTED and Judgment be entered in favor of Plaintiff.

2. This matter be set for a hearing on the issue of damages.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 29th day of December 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE